UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

DENA PEREZ, an individual,

         Plaintiff,

    v.

CITY OF PLACERVILLE, GEORGE NEILSEN, and CHRISTIAN BEYER,

         Defendants.

NO. CIV. S-07-927 FCD GGH

MEMORANDUM AND ORDER

----oo0oo----

This matter is before the court on plaintiff Dena Perez' motion for reconsideration of the court's September 9, 2008 order granting in part and denying in part defendants City of Placerville and Christian Beyer's motion for summary judgment (the "Order").[1]  Fed. R. Civ. P. 59(e), 60(b).[2]  In said Order,

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. L.R. 78-230(h).

[2] Where the court's ruling has resulted in a final judgment or order, a motion for reconsideration may be based either on Rule 59(e) (motion to alter or amend judgment) or Rule 60(b) (motion for relief from judgment) of the Federal Rules of Civil Procedure.  See School Dist. No. 1J, Multnomah County v.

1

the court granted defendants' motion with respect to all of plaintiff's claims, except her claims for unlawful search and seizure of plaintiff's residence in violation of the Fourth Amendment (first and second claims for relief) and trespass to real property (sixth claim for relief).  With respect to those claims, the court found that triable issues of fact remained as to whether defendants had probable cause to believe that the parolee Masse lived at plaintiff's residence, thereby providing legal grounds to enter plaintiff's premises without a warrant.  Plaintiff does not contest that holding.  (Order at 8-15.)

However, she claims herein that with respect to certain other claims, the court committed "clear error" by misapplying the controlling law to the evidence submitted by plaintiff; upon proper consideration, plaintiff contends her claims alleging unlawful seizure of personalty (her fourth, eighth, twelfth and thirteenth claims for relief), involving the killing of her dog, Harley, by Officer Beyer, should not have been dismissed.  The court found as to plaintiff's constitutional claim for unlawful seizure of personalty in violation of the Fourth Amendment, that defendant Beyer was entitled to qualified immunity because plaintiff failed to raise a triable issue of fact that he violated plaintiff's Fourth Amendment rights in killing Harley in defense of his fellow officer and police canine who were being attacked by the dog.  As to plaintiff's state law claims, for

---

ACandS, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993).  Because plaintiff's motion was filed more than ten days after entry of the court's order, the court will consider the instant motion under Rule 60(b).  See Fed. R. Civ. P. 59(e) (requiring that all motions submitted pursuant to this rule be filed within ten days of entry of judgment or order).

trespass to personal property, trespass to chattels, and conversion, defendant Beyer was similarly entitled to summary judgment because plaintiff failed to raise a triable issue of fact demonstrating that he was not privileged to commit said torts for the purpose of defending a third person.  (Order at 16-20.)

For the reasons stated below, plaintiff's motion for reconsideration is DENIED.

Federal Rules of Civil Procedure 59(e) and 60(b) are "extraordinary remed[ies] to be used sparingly in the interests of finality and conservation of judicial resources."  Kona Enterprises, Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000).  Thus, the Ninth Circuit has made clear that a motion for reconsideration should not be granted "'absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'"  Id. (citation omitted.)  When a motion for reconsideration is based on a claim of clear error, as in this case, the moving party must do more than repeat arguments made in the underlying motion.  "Reiteration of arguments originally made in support of, or in opposition to, a motion . . . do not provide a valid basis for reconsideration."  Reliance Ins. Co. v. Doctors Co., 299 F. Supp. 2d 1131, 1154 (D. Hawaii 2003); Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir. 1985).

However, this is precisely what plaintiff has done in this motion; she simply repeats arguments she asserted in opposition to the original motion, arguments which were fully considered by

3

the court in its Order. For example, plaintiff contends herein that the court failed to consider critical facts in its Order, emphasizing plaintiff's evidence which suggested that plaintiff's dog Harley was shot by Officer Beyer, not on the street side of plaintiff's gate as claimed by the officers, but well inside plaintiff's backyard. Plaintiff's evidence was considered by the court but did not factor in to the analysis of these claims as the precise location of the shooting was irrelevant to the critical inquiry--whether Officer Beyer shot Harley in defense of his fellow officer and police canine who were being attacked by the dog.[3] Only material facts can preclude entry of summary judgment. (Order at 3 n. 5 ["In some critical respects, plaintiff attempts to dispute defendants' undisputed facts but she has not submitted material [or] admissible evidence to do so. As such, the court finds those facts undisputed."]) Plaintiff failed to produce such evidence, and thus, summary judgment was properly entered in defendant Beyer's favor. (Order at 18-19.)

Plaintiff also maintains the court improperly accepted the officers' versions of the events as true, in particular, their testimony that they did not know a dog was present on the property. Plaintiff argues the court ignored her own testimony that (1) she told the officers at some unidentified time before the incident that she had a dog on the property, and (2) there was a "Beware of Dog Sign" on the gate to the backyard. Like the above, these facts were considered by the court but they were not

---

[3] To the contrary, the location of the shooting was relevant to plaintiff's claims alleging unlawful search and seizure of her real property, but as set forth above, these claims survived summary judgment.

4

material to the inquiry.  This testimony was insufficient to raise a triable issue of fact that *on the day in question,* the officers knew a dog was present on the property.  Indeed, the undisputed evidence established that the officer, who was ultimately attacked by plaintiff's dog, made reasonable efforts to discern whether a dog was in the backyard, by making sounds to elicit a response from a dog and looking over the back fence.  Only when there was no response and the officer did not see a dog, did he open the gate, slightly.  The officer was then immediately attacked by Harley.  (Order at 19.)  Plaintiff's testimony did not dispute these facts, which described the events on the day of the incident.  As such, defendant Beyer was entitled to summary judgment.

In sum, plaintiff's instant motion expresses disagreement with the court's Order.  However, disagreement with a court's ruling is not a basis for granting reconsideration.  <u>United States v. Westlands Water Dist.</u>, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) (holding that "'[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden'") (citations omitted).  In this motion, plaintiff has done nothing more than repackage the arguments she previously made, by emphasizing certain, specific evidence she proffered on the motion.  Despite the repackaging, the arguments are no different now than on the original motion.  Her arguments were fully considered in the Order, and the court need not restate its full analysis here.  There is no basis for granting

reconsideration.

Thus, for these reasons and those stated fully in the court's Order of September 9, 2008, the court DENIES plaintiff's motion for reconsideration.

IT IS SO ORDERED.

DATED: January 14, 2009

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE